IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL JOSEPH McDERMOTT,<br><br>    Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>    Respondent. | Case No. 3:21-cv-00124-RRB |

**ORDER DENYING RECONSIDERATION OF DISMISSAL**

  Daniel Joseph McDermott, representing himself from Goose Creek Correctional Center where he is housed as a pretrial detainee, filed a habeas petition under 28 U.S.C. § 2241, claiming that the state court is denying his rights in several ongoing state criminal cases in Palmer and Anchorage.[1]

  Mr. McDermott sought "[d]ismissal of State charges with prejudice and release from custody **or in the alternative** … an immediate trial and/or release from State custody, but … would prefer charges dismissed due to obstruction of justice by State authorities."[2] The Court reviewed the Petition, as required by

---

[1] Docket 1 at 2 (listing 3AN-20-09753CR, 3AN-20-10126CR, 3PA-20-00975CR, 3PA-20-01022CR, 3PA-20-01043CR, 3PA-20-02790CR).

[2] *Id*. at 21 (emphasis in original).

federal law,[3] and dismissed the case based upon the doctrines of abstention and exhaustion.[4]

After his case was dismissed, Mr. McDermott filed a "Sworn Affidavit" "trying to show this Court [that] the 'full vindication of the petitioner's pretrial rights' requires intervention before trial resulting from 'extraordinary circumstances.'"[5] He asserts that Alaska "Supreme Court order 1957[6] prevents [him] from exhausting remedies in state court, because the Supreme Court is the court that caused the violation of the petitioner's pretrial detention warranting federal intervention."[7] Mr. McDermott also asserts that he was told by another person incarcerated at Goose Creek that the "Alaska Department of Corrections has recorded phone calls," in violation of the right to attorney-client privilege, although he does not say

---

[3] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[4] Docket 4.

[5] Docket 6 at 3.

[6] Alaska Supreme Court Order No. 1957, effective 3/13/20, was an "Emergency Order re COVID-19: Relaxation and Suspension of Various Court Rules based on the COVID-19 Pandemic." https://courts.alaska.gov/covid19/docs/sco1957.pdf. The Order permitted liberal participation in telephone or videoconferencing, liberal extensions of time, the suspension of Rule 45, Alaska's speedy trial rule, closure of courthouses, etc. *Id*. at 3–6.

[7] Docket 6 at 4.

how he knows whether *his* calls with his lawyer were recorded.[8]  Because the Court liberally construes the filings of self-represented litigants,[9] the Court will construe Mr. McDermott's filing at Docket 6 as a motion for reconsideration of the dismissal.

Mr. McDermott asserts that the following "extraordinary circumstances" warrant federal intervention:  "1) waiving speedy trial act without justifiable cause to do so; 2) waiving the Fifth and Sixth Amendment right to Grand Jury indictments and notice of accusations against the petitioner …; 3) Prison shut down visitation for an entire year and denied attorneys to visit petitioner; and 4) Department of Corrections recorded phone calls and the department refuses to produce a list of phone number[s] that were not recorded….  And also 5) The defendant's right to a fair trial was discharged by state authorities coercing a

---

[8] *Id*. at 5 (citing *United States v. Miller*, 2021 U.S. Dist. LEXIS 9232 (D. Alaska 2021)) ("As part of the discovery in this case—and at issue here—the Government produced information about at least 19 calls between Mr. Gilmore and Miller that were recorded by the Alaska Department of Corrections' ('DOC') Securus telephone system.  Some calls were listened to by Sgt. Thomas Elmore.  Mr. Gilmore's phone number was not registered with the Alaska DOC's Securus telephone system, so the calls were inadvertently recorded.  The Government asserts that the prosecution team has not listened to the phone calls and asked DOC to not listen to the calls, either.  Mr. Gilmore was on notice of the recorded calls in July 2018 and March 2019, before Miller entered into his Plea Agreement in September 2019." *United States v. Miller*, Case No. 3:17-cr-00063-TMB-DMS-2, 2021 WL 189140, at *3, (D. Alaska Jan. 19, 2021) (citations to the docket omitted)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).  (In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt).

promise of wellness Court in exchange for signing confidential records 'release of information' (ROI) forms to bail out, then government of Alaska did not give the RULE 11 agreement they promised."[10] Mr. McDermott states that, "due to the overwhelming constitutional and law violations this Court has justification for dismissal of state charges."[11]

Mr. McDermott has "attached a motion [he] filed in state court titled: DISMISSAL PURSUANT TO SPEEDY TRIAL ACT to [his] affidavit,"[12] with a handwritten note stating that he "filed this under all Palmer Cases … Nos. 3PA-20-975/1022/1043/2790 [and] Anchorage Case No. 3AN-20-9753CR."[13] Mr. McDermott also attached a copy of a request for interview at Goose Creek, seeking "a computer printout of telephone numbers that were NOT recorded (i.e. attorney, clergy, etc.)" within certain time frames, without the institution's response.[14]

---

[10] Docket 6 at 6.

[11] *Id.*

[12] *Id.* at 4.

[13] Docket 6-1 at 1.

[14] Docket 6-2.

## DISCUSSION

As previously explained, federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[15] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[16] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[17] A petitioner may properly challenge state pretrial detention under § 2241.[18]

Mr. McDermott requests "dismissal of state charges."[19] But a speedy trial claim may be reviewed under § 2241 if a pretrial detainee is seeking to compel the state to *bring him to trial*, rather than seeking *dismissal* of the charges.[20] Thus, although a federal court can order a state court to bring a petitioner to trial, federal

---

[15] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[16] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

[17] 28 U.S.C. § 2241(c)(3).

[18] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[19] Docket 6 at 6.

[20] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

courts do not order that state charges be dropped.[21] The Court will not, therefore, grant Mr. McDermott's request that his state criminal charges be dismissed.

Even had Mr. McDermott requested appropriate relief, however, the *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[22] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[23] The Supreme Court has "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"[24]

A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the

---

[21] *Id*.

[22] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[23] *Younger*, 401 U.S. at 54.

[24] *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma,* 401 U.S. 82, 85 (1971)); *see also Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("[W]e specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[25]

The state court public records show that Mr. McDermott has an opportunity to address his claims in his ongoing criminal cases. The Court takes judicial notice[26] that he currently is self-represented in most of his state criminal cases.[27] For example, in *State of Alaska v. Daniel Josef McDermott*, 3AN-20-09753CR, in which Mr. McDermott is tenaciously representing himself, he made 44 pro se filings between April 15, 2021, and June 14, 2021, including issues he brings in his current case, such as: his 5/13/21 "Pretrial Objection to Speedy Trial

---

[25] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) ("*Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.") (citing *Arevalo v. Hennessy,* 882 F.3d 763, 764, 766–67 (9th Cir. 2018)).

[26] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[27] *See* https://records.courts.alaska.gov/eaccess/searchresults, reviewing docket notes in cases listed in footnote 1.

Act Rights Being Waived by the Court"; his 5/28/21 motion for "Dismissal Pursuant to Speedy Trial Act" (Case Motion #14); his 6/7/21 "Pretrial Objection to Government Closing Pre-Trial Visitation"; his 6/7/21 "Pretrial Objection to Government Delaying Prosecutions"; his 6/7/21 "Pretrial Objection to Government Recording Phone Calls"; his 6/11/21 motion "Requesting Phone Records from Department of Corrections" (Case Motion #21); and his 6/14/21 "Affidavit in Support of Pretrial Objection to Unreasonable Bail Conditions."[28]

        The State of Alaska has an important interest in enforcing its criminal laws, and Mr. McDermott's criminal cases in the state courts remain ongoing. Mr. McDermott should continue to bring his claims in the state courts where they can be addressed in his criminal proceedings.[29] In the state courts, either

---

[28] https://records.courts.alaska.gov/eaccess/searchresults, 3AN-20-09753CR; *see also Alaska v. McDermott*, 3PA-20-00975CR (pro se Motion #5, 6/01/21 "Dismissal Pursuant to Speedy Trial Act"; 6/7/21 "Pretrial Objection to Government Closing Pretrial Visitation"; 6/7/21 "Pretrial Objection to Government Recording Attorney Calls"; 6/7/21 "Pretrial Objection to Government Delaying Prosecutions"; 6/15/21 Addendum in Support of Pretrial Objection to Unreasonable Bail Conditions; 6/15/21 "Requesting Phone Record From Department of Corrections"); *Alaska v. McDermott*, 3PA-20-01022CR (6/1/21 pro se Motion #4, for "Dismissal Pursuant to Speedy Trial Act"; 6/7/21 "Pretrial Objection to Government Recording Attorney Calls"; 6/7/21 "Pretrial Objection to Government Delaying Prosecutions"; 6/15/21 "Pretrial Objection to These Cases Going to Trial After Being in Wellness Court"; 6/15/21 "Requesting Phone Record from Department of Corrections"; 6/15/21 "Addendum in Support of Pretrial Objection to Unreasonable Bail Conditions"); *Alaska v. McDermott*, 3PA-20-1043CR (6/1/21 pro se Motion #12, "Dismissal Pursuant to Speedy Trial Act," etc.); *Alaska v. McDermott*, 3PA-20-02790CR (6/1/21 pro se Motion #5, "Dismissal Pursuant to Speedy Trial Act," etc.).

[29] *See Brown,* 676 F.3d at 900-901 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and

Mr. McDermott or a defense attorney can discover, for example, whether attorney-client phone calls were recorded or monitored, and can make arguments for a speedy trial, if that is in Mr. McDermott's best interests.

This Court should not interfere with the state trial court's fact-finding responsibilities and legal decisions in Mr. McDermott's cases, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[30] Mr. McDermott, may bring his arguments before the state courts, as shown in Docket 6-1 and within the state court dockets. Thus, this is not a case requiring federal intervention.

If Mr. McDermott disagrees with an appealable order of the Superior Court for the State of Alaska, he should raise the claims to the Alaska Court of Appeals, and if he disagrees with that result, he should raise the claims in a petition for hearing to the Alaska Supreme Court.[31] This Court should currently abstain from addressing the claims.

---

conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[30] *Page,* 932 F.3d at 903.

[31] *See, e.g., Thomas, v. Alaska*, Nos. A-13791A-13792, 2021 WL 1535772 (Alaska App. April 9, 2021).

Therefore, **IT IS HEREBY ORDERED**:

1. Docket 6, requesting that the Court re-examine its dismissal, which is construed as a motion for reconsideration, is DENIED.

2. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of appealability.[32] Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.[33]

---

[32] *See* 28 U.S.C. 2253(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
*See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'); *see also Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009) ("We conclude that the mere fact that a habeas petition is filed pursuant to § 2241(c)(3) does not exempt that petition from § 2253(c)(1)(A)'s COA requirement.")
For the reasons set forth in this Order, Mr. McDermott has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Mr. McDermott has not been incarcerated for a substantial time under federal law, *see McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003) (finding a delay of three years to be substantial, such that prejudice was presumed), especially considering the pandemic that delayed criminal proceedings nation-wide. (citation omitted). Mr. McDermott's 2020 criminal cases are now proceeding in the state courts, and he is vigorously litigating his claims, as described above.

[33] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

3. This case is CLOSED.

Dated at Anchorage, Alaska this 28th day of June, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge